IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

DAWN M. MCGEE                                                    PLAINTIFF
517 Pine Street
Louisville, Kentucky 40204

                                         Case No. 3:18-CV-512-RGJ

v.

                                         Judge Rebecca Grady Jennings


VERIZON WIRELESS SERVICES, LLC                                 DEFENDANTS
One Verizon Way
Basking Ridge, New Jersey 07920

          SERVE:        CT Corporation System
                        306 W. Main Street, Suite 512
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

          SERVE:        CSC-Lawyers Incorporating Service Co.
                        421 W. Main Street
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

          SERVE:        The Prentice Hall Corporation System
                        421 W. Main Street
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

AND.

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:      CT Corporation System
                        306 W. Main Street, Suite 512
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

** ** ** **

<u>**VERIFIED COMPLAINT**</u>

Comes the Plaintiff, Dawn M, McGee, by counsel, and for her Verified Complaint against the Defendants, Verizon Wireless Services, LLC ("Verizon"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

I. <u>**PRELIMINARY STATEMENT**</u>

1.      This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 <u>et seq.</u> arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; Verizon's false reporting to Equifax, Trans Union, and Experian of an alleged delinquent debt; and Defendants' failure to correct Verizon's false reporting on Plaintiff's credit reports.

II. <u>**PARTIES**</u>

2.      Plaintiff, Dawn M. McGee, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 7502 Apple Blossom Place, Louisville, Kentucky 40047.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

2

4.     Defendant, Verizon, is a New Jersey corporation doing business in the Commonwealth of Kentucky with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

5.     Verizon is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.     Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of

3

business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

15.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV.  FACTUAL BACKGROUND

16.     In or around May 2018, Plaintiff, who was in the process of seeking home mortgage financing, accessed her Equifax, Trans Union, and Experian credit reports and discovered that Verizon was reporting that Plaintiff's Verizon's account was open and past due and owing to Verizon in the amount of $606.00 with an alleged monthly payment of $606.00.

17.     Immediately upon discovering Verizon's false and derogatory tradeline which showed an alleged balance due and owing and a monthly payment to Verizon, Plaintiff filed disputes with Equifax, Trans Union and Experian regarding the inaccuracy of the Verizon tradeline.

18.     Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Verizon of the disputes at or within five (5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiff.

19.     In June 2018, Verizon, Equifax, Trans Union and Experian verified the alleged past

due Verizon account reporting on Plaintiff's credit reports.

20.     Despite Plaintiff's lawful request for removal or amendment of the disputed item pursuant to the FCRA, Verizon, Equifax, Trans Union, and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed item from Plaintiff's credit reports.

21.     Upon information and belief, Verizon, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Verizon's, Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

22.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due Verizon account.  In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V.  CLAIMS

### Negligence – Verizon

21.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22.     Verizon's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union, and Experian regarding the Verizon tradeline were negligent under applicable law.  In failing to investigate Plaintiff's dispute and in falsely reporting the status of the Verizon account, Verizon breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

23.     Verizon's failure to investigate Plaintiff's dispute and its false reporting to Equifax,

Trans Union and Experian regarding the alleged past due Verizon account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

24.     Verizon's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the Verizon tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

25.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26.     Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of Plaintiff's Verizon account, despite Plaintiff's lawful notice to Equifax of the falsity of the report, was negligent.

27.     In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the subject tradeline, Equifax breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

28.     Equifax's negligent failure to delete and/or amend its reporting of the subject tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

29.     Equifax's failure to delete and/or amend its reporting of the subject tradeline, despite Plaintiff's lawful notice to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

6

**Negligence – Trans Union**

30.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31.     Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Verizon tradeline, despite Plaintiff's lawful notice to Trans Union of the falsity of the report, was negligent.

32.     In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the Verizon tradeline, Trans Union breached its duties to Plaintiff to thoroughly investigate any and all credit reporting dispute and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

33.     Trans Union's negligent failure to delete and/or amend its reporting of the Verizon tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

34.     Trans Union's failure to delete and/or amend its reporting of the Verizon tradeline, despite Plaintiff's lawful notice to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligence – Experian**

35.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.     Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Verizon tradeline, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent.

37.     In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its

7

reporting of the Verizon tradeline, Experian breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

38.    Experian's negligent failure to delete and/or amend its reporting of the Verizon tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

39.    Experian's failure to delete and/or amend its reporting of the Verizon tradeline, despite Plaintiff's lawful notice to Experian of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – Verizon

40.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.    Verizon, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has a past due and payable Verizon account with a monthly payment of $606.00. Verizon's statements were false and were made with conscious disregard for the rights of the Plaintiff.

42.    Verizon's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due Verizon account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

8

43.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

43.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Verizon and other currently unknown entities and/or individuals who have accessed Plaintiffs' Equifax credit report, that Plaintiff has a past due and payable account with Verizon with a monthly payment of $606.00. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

44.     Equifax's publication of false statements regarding Plaintiff's creditworthiness amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

45.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Verizon and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past due and payable account with Verizon with a monthly payment of $606.00. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

47.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Verizon account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages

therefor.

## Defamation – Experian

48.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Verizon and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due and payable account with Verizon with a monthly payment of $606.00. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

50.     Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Verizon account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Negligent Violation of the Fair Credit Reporting Act – Verizon

51.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.     Verizon's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, Trans Union and Experian of Plaintiff's alleged past due and payable Verizon account are violations of Verizon's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

53.     Verizon's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Verizon is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

54.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55.     Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

56.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

57.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

58.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59.     Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed Verizon account from Plaintiff's credit report despite knowledge of the falsity of the disputed item are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's

duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed item under 15 U.S.C. §1681i.

61. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

62. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed Verizon account from Plaintiff's credit report despite knowledge of the falsity of the disputed item are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed item under 15 U.S.C. §1681i.

64. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65. Experian's violations of the FCRA amount to negligent non-compliance with the

FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Verizon**

66.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67.    Verizon's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, Trans Union and Experian of Plaintiff's alleged past due and payable Verizon account, despite Verizon's knowledge of the falsity of its reporting, are willful violations of Verizon's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

68.    Given Verizon's knowledge of the falsity of its reporting, Verizon's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Verizon is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

69.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70.    Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Equifax's knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

71.    Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider

any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

72.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

73.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74.     Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Verizon account despite Trans Union's knowledge of the falsity of the disputed item are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

75.     Trans Union's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

76.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

## Willful Violation of the Fair Credit Reporting Act – Experian

77.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 76 as if fully set forth herein.

78.     Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the Verizon account despite Experian's knowledge of the falsity of the disputed item are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

79.     Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

80.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Dawn M. McGee, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,


*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle
Louisville, KY 40243
Phone (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Dawn M. McGee, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

Dawn M. McGee

COMMONWEALTH OF KENTUCKY          )
                                  ) SS
COUNTY OF JEFFERSON               )

Subscribed, sworn to and acknowledged before me by Dawn M. McGee, this _1_ day of _August_, 2018.

Notary Public

Commission expires: _January 8, 2019_

17