

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

James J. Vilt, Jr., Clerk of Court     Gene Snyder Courthouse
502.625.3508                            601 W. Broadway
                                        Louisville, Kentucky, 40202

July 30, 2021

David W. Hemminger
Hemminger Law Office, PSC
331 Townepark Cir., Suite 100-C
Louisville, KY 40243

Sandra D. Jansen
Schuckit & Associates, PC
4545 Northwestern Drive
Zionsville, IN 46077

Margaret Jane Brannon
Jackson Kelly, PLLC - Lexington
100 West Main Street, Suite 700
Lexington, KY 40507

Thanh-Thuy T. Luong
Jones Day - Irvine
3161 Michelson Drive, Suite 800
Irvine, CA 92612

**In Re: McGee v. Verizon Wireless Services, LLC et al (Case No. 3:18-cv-512)**

Dear Counsel:

I have been contacted by Judge Jennings who presided over the above-mentioned case. Judge Jennings informed me that it has been brought to her attention that while she presided over this case, she owned stock in Verizon, Inc.

By way of background, this case was assigned to Judge Jennings on August 2, 2018. Verizon Wireless Services, LLC never answered or appeared. On October 30, 2018, the plaintiff voluntarily dismissed Verizon Wireless Services, LLC from this case. Judge Jennings did not take any action or sign any orders in relation to Verizon Wireless Services, LLC in this case while assigned to her docket.

At the time Judge Jennings took the bench in late April 2018, she gave instructions for certain individual stocks to be sold in order to prevent conflicts such as this one. Unbeknownst to Judge

Jennings certain of these instructions were not completed by her brokerage firm until November 2018. This was an inadvertent administrative error associated with the timing of certain entities on her conflicts list. Judge Jennings regrets that this error occurred and has taken steps to prevent this issue in the future.

While Judge Jennings's ownership of stock neither affected nor impacted the case, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Jennings directed me to notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond to Judge Jennings 'disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 13, 2021. Any response will be considered by the Chief Judge of this court without the participation of Judge Jennings.

Sincerely,

James J. Vilt, Jr.
Clerk of Court